UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKSON L. PRESCOTT,

    Plaintiff,

v.                                                                                          Case No: 8:16-cv-60-T-27TBM

DEPUTY RYAN OAKLEY, DEPUTY MANUEL
DEJESUS, SHERIFF CHRIS NOCCO, Pasco
County Sheriff, in his official capacity,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Motion to Dismiss Second Amended Complaint by Defendants Oakley, DeJesus, and Nocco (Dkt. 46), which Plaintiff opposes (Dkt. 47). Upon consideration, the Motion (Dkt. 46) is DENIED.

**Background**

This action stems from the arrest of Jackson L. Prescott ("Prescott") pursuant to an arrest warrant. Prescott brings 42 U.S.C. § 1983 excessive force claims against Defendants Deputy Ryan Oakley ("Deputy Oakley") and Deputy Manuel DeJesus ("Deputy DeJesus") of the Pasco County Sheriff's Office (Counts I, IV). He alleges state law battery claims against Deputy Oakley and Deputy DeJesus individually (Counts II, V) and vicariously against Defendant Sheriff Chris Nocco ("Sheriff Nocco") (Counts III, VI).[1]

---

[1] Prescott previously named Sergeant Robert Formoso, Detective Chad Tadlock, Dr. Lydia Dellosantos, and Nurse Corona. (Dkts. 1, 38). These individuals were dismissed and Prescott was granted leave to amend. (Dkts. 35, 40). Only the currently named Defendants remain.

1

On January 10, 2012, Prescott alleges that he was sleeping in a van in Zephyrhills when Deputy DeJesus and Deputy Oakley woke him to execute an arrest warrant for aggravated battery with a deadly weapon and carrying a concealed firearm. (Dkt. 45 ¶¶ 11, 12). With their guns drawn, they ordered Prescott to exit the van and surrender into custody. (*Id.* ¶ 13). Unarmed, he opened the van door as directed and upon exiting with his hands raised in the air, an unnamed deputy "grabbed" him and "shoved him." (*Id.* ¶ 14). He alleges that he "was attempting to show the deputies that he did not pose a threat to them" when they "slammed [him] on the ground." (*Id.* ¶¶ 14, 15).

While on the ground, Deputy Oakley and Deputy DeJesus "punched and kicked" him. (*Id.* ¶ 15). As the deputies handcuffed him, he did not offer any resistance, did not pose a threat, did not attempt to harm himself, and complied with the deputies commands. (*Id.* ¶¶ 15, 16). Prescott suffered a dislocated right middle finger, knocked loose teeth, and injuries to his rotator cuff, right ring finger, and right pinky finger. (*Id.* ¶ 17).

**Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the relevant question is not whether the plaintiff will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" a claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. When the defense of qualified immunity is raised on a motion to dismiss, the motion "will be granted if the complaint fails to allege the violation of a clearly established constitutional right." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (internal quotation marks and citation omitted).

Discussion

### I. Counts I and IV - § 1983 Excessive Force (Deputy Oakely and Deputy DeJesus)

Plaintiff asserts § 1983 excessive force claims against Deputy Oakley and Deputy DeJesus. They move to dismiss for failure to allege sufficient facts to establish the violation of an established constitutional right and claim qualified immunity.[2]

The Fourth Amendment encompasses the "right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably

---

[2] "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002)). Prescott's allegations support that Deputy Oakley and Deputy DeJesus were acting within the scope of their discretionary authority while executing an arrest warrant. (Dkt. 45 ¶ 12).

3

proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016) (citing *Lee*, 284 F.3d at 1197-98). To determine if the amount of force used during an arrest is appropriate, the question is "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." *Lee*, 284 F.3d at 1197 (internal quotation marks and citation omitted). This is an objective inquiry. *Smith*, 834 F.3d at 1294. "Some use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless of the severity of the alleged offense." *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003).

"[N]oncompliance or continued physical resistance to arrest justifies the use of force by a law enforcement officer. However, gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Wate v. Kubler*, 839 F.3d 1012, 1021 (11th Cir. 2016) (internal quotation marks and citations omitted). To balance the need for force, the court considers the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers, and whether he is actively resisting arrest or attempting to evade arrest. *Lee*, 284 F.3d at 1197-98 (citation omitted).

Accepting Prescott's allegations as true, he was not a threat and complying with commands after the deputies woke him and before he was slammed on the ground (i.e. unarmed, he opened the door as directed with his hands in the air). (Dkt. 45 ¶¶ 14, 15). After he was slammed on the ground to be handcuffed, he continued to be non-resisting, non-threatening, unarmed, and compliant when he was kicked and punched by both deputies. (*Id.* ¶¶ 15, 16). Accordingly, he alleges sufficient facts to state a § 1983 excessive force claim. *See Wate*, 839 F.3d at 1021; *Saunders v. Duke*, 766 F.3d 1262, 1269 (11th Cir. 2014)("Mr. Saunders specifically alleged that, once he was handcuffed and on the ground, he did not resist and did not do anything to threaten the agents or anyone else.");

4

*Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008)("[A] handcuffed, non-resisting [suspect's] right to be free from excessive force was clearly established in February 2002."); *Durruthy*, 351 F.3d at 1094; *Lee*, 284 F.3d at 1198.

Because he alleges a violation of a clearly established constitutional right, Deputy Oakley and Deputy DeJesus are not entitled to qualified immunity at this stage.[3] *See Chesser*, 248 F.3d 1117 at 1121. Accordingly, these claims will not be dismissed. Deputy Oakley and Deputy DeJesus will be permitted to raise the defense of qualified immunity at summary judgment.

### II. Counts II, III, V, VI - State Law Battery Claims (Deputy Oakley, Deputy DeJesus, and Sheriff Nocco)

Prescott asserts state law battery claims against Deputy Oakley and Deputy DeJesus, individually, and against Sheriff Nocco on a theory of vicarious liability. Sheriff Nocco, Deputy Oakley, and Deputy DeJesus move to dismiss the claims for failure to state a claim and Deputy Oakley and Deputy DeJesus also claim statutory immunity.

"If an officer uses excessive force, the 'ordinarily protected use of force . . . is transformed into a battery.'" *Davis v. Williams*, 451 F.3d 759, 768 (11th Cir. 2006)(quoting *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996)). As discussed *supra*, the battery claims against Deputy Oakley and Deputy DeJesus will not be dismissed because the factual allegations are sufficient to state a § 1983 claim for excessive force. *See id.*; *Detris v. Coats*, 523 F. App'x 612, 617 (11th Cir. 2013)(allowing state law battery claim to proceed where excessive force claim proceeded). Furthermore, malicious intent can be inferred and Deputy Oakely and Deputy DeJesus are not

---

[3] Even analyzing each Defendant's actions separately, based on the allegations, each Defendant punched and kicked an unarmed, non-resisting, non-threatening, unarmed, and compliant Prescott (Dkt. 45 ¶¶ 15, 16). *See Young v. Eslinger*, 244 F. App'x 278, 279 (11th Cir. 2007).

entitled to statutory immunity at this stage. *See Davis*, 457 F.3d at 768; *Detris*, 523 F. App'x at 617. Accordingly, the battery claims against Deputy Oakley and Deputy Dejesus will not be dismissed. They will be permitted to raise the defense of statutory immunity at summary judgment.

The alternative battery claims against Sheriff Nocco for vicarious liability will also not be dismissed as these claims are dependent on the claims against the deputies. *See* Fla. Stat. § 30.07; *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1119 n. 12 (11th Cir. 2005); *Waters v. Dade Cty.*, 169 So. 2d 505, 506 (Fla. 3d DCA 1964)

**Conclusion**

Accordingly, the Motion to Dismiss Second Amended Complaint (Dkt. 46) is **DENIED**. Defendants shall respond to the Second Amended Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this 16th day of March, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record